# EXHIBIT A

STATE OF MICHIGAN

IN THE WAYNE COUNTY CIRCUIT COURT

RINO SUCCURRO,

        Plaintiff                       Case #: 20-009832-NO

V.                                         Hon. Lita Masini Popke

DELTA AIRLINES, INC.,
And DELTA CARGO SERVICES, LLC,

        Defendants
_____/
Paul S. Clark (P39164)
Law Office of Paul S Clark, P.C;
801 Livernois Street
Ferndale, MI 48220
(248) 543-7776
_____/

### FIRST AMENDED COMPLAINT

There are no current or past actions pending in any court between the same parties, or arising from this occurrence

NOW COMES Plaintiff, Rino Succurro, through his attorney, Law Office of Paul S. Clark, P.C., and states for his complaint against Defendant Delta Airlines, Inc., as follows:

1. Plaintiff Rino Succurro is a resident of Oakland County, Michigan.

2. Defendant Delta Airlines, Inc. is a for profit corporation doing business in Wayne County, Michigan, and owns and/or controls a facility number 523 E Service Drive, in Detroit, Michigan.

3. Defendant Delta Cargo Services, LLC is a for profit corporation doing business in Wayne County, Michigan, and owns and/or controls a facility located at 523 E. Service Drive, in Detroit, Michigan.

4. Jurisdiction and venue are proper in this court as the cause of action arose in Wayne County and the amount in controversy exceeds $25,000.

5. The factual predicate of Plaintiff's complaint is as follows:

    a) On March 22, 2017, Plaintiff was employed as a truck driver for GMT Logistics.

    b) On that date, Plaintiff had just finished a delivery to Defendant Delta Airlines, Inc. and/or Defendant Delta Cargo Services, LLC facility located at 523 E Service Drive in Detroit.

    c) Plaintiff had backed his truck into one of several bays maintained and controlled by Defendant Delta Airlines, Inc. and/or Defendant Delta Cargo Services, LLC.

    d) Two of the bays contained manually operated dock plates, which provided a level surface for the loading and unloading of trucks; one of which was being used by Plaintiff.

    e) Plaintiff had to raise the dock plate to pull his truck out of the bay,

    f) Plaintiff had to use a 6' long thick metal bar to facilitate the raising of the dock plate.

    g) The bar was placed in a hole and Plaintiff applied pressure to cause the spring-loaded mechanism to move the plate into the proper position.

    h) No employee of Defendant Delta Airlines, Inc. and/or Defendant Delta Cargo Services, LLC rendered any assistance in this process, nor were any warning signs posted instructing truck drivers either to get employee assistance,or warning of any danger in using this bay.

    i) The bar was forced out of the hole as Plaintiff was trying to raise the dock plate, striking Plaintiff in the chest and abdomen.

    j) Plaintiff suffered serious injuries including, but not limited to a hernia, shoulder problems, and back problems requiring surgery to address his herniated discs.

## COUNT 1 PREMISES LIABILITY AS TO DELTA AIRLINES, INC.

6. Plaintiff incorporates paragraphs one through five as if fully set forth herein.

7. Defendant Delta Airlines, Inc. knew or should have known of the dangers in using this dock, and negligently maintained it.

8. At no time was Plaintiff warned of the danger of the dock plate.

9. Upon information and belief, Defendant Delta Airlines, Inc. negligently maintained or repaired this dock plate, causing it to malfunction and injure Plaintiff.

10. Defendant Delta Airlines, Inc. had a duty to warn Plaintiff of the danger of using this dock and inspect and repair any issues with the dock plates operation.

11. Defendant Delta Airlines, Inc. breached its duties to Plaintiff by failing to warn Plaintiff of the danger of using this dock plate and failing to properly maintain and repair the dock plate.

12. As a direct and proximate result of their breach of the above duties, Plaintiff was seriously injured as follows:

    a) Plaintiff suffered a hernia, shoulder injuries and back problems requiring the surgical repair of herniated discs.

    b) Pain and suffering

    c) Humiliation.

    d) Loss of enjoyment of social and recreational activities.

    e) Medical bills for past, present, and future medical treatment,

    f) Lost wages

WHEREFORE, Plaintiff asks this Honorable Court to grant judgment for Plaintiff and against Defendants in an amount in excess of $25,000, plus costs, interest, and attorney fees so wrongfully sustained.

## COUNT 2- ORDINARY NEGLIGENCE AS TO DELTA AIRLNES, INC,

13. Plaintiff incorporated paragraphs one through twelve as if fully set forth herein.
14. Defendant Delta Airlines, Inc. never instructed Plaintiff in the proper use of the dock plate, nor warned of the danger of serious injury the dock plate presented.
15. Defendant Delta Airlines, Inc. did not require its employees to assist independent drivers, and Plaintiff in particular, in raising and lowering the dock plates, nor did it provide any instruction to independent drivers, particularly Plaintiff, in the proper use of the dock plate.
16. Defendant Delta Airlines, Inc. owed a duty to properly instruct and/or assist Plaintiff in using the dock plate despite its knowledge of the substantial danger the use or misuse of using this dock plate presented.
17. Defendant Delta Airlines, Inc. breached its duties by failing to instruct or assist Plaintiff in the use of the dock plate.
18. As a direct and proximate result of their breach of the above duties, Plaintiff was seriously injured as follows:
        g) Plaintiff suffered a hernia, shoulder injuries and back problems requiring the surgical repair of herniated discs.

h) Pain and suffering

i) Humiliation.

j) Loss of enjoyment of social and recreational activities.

k) Medical bills for past, present, and future medical treatment,

l) Lost wages

WHEREFORE, Plaintiff asks this Honorable Court to grant judgment for Plaintiff and against Defendants in an amount in excess of $25,000, plus costs, interest, and attorney fees so wrongfully sustained.

## COUNT 3 PREMISES LIABILITY AS TO DELTA CARGO SERVICES, LLC

19. Plaintiff incorporates paragraphs one through eighteen as if fully set forth herein.
20. Defendant Delta Cargo Services, LLC knew or should have known of the dangers in using this dock, and negligently maintained it.
21. At no time was Plaintiff warned of the danger of the dock plate.
22. Upon information and belief, Defendant Delta Cargo Services, LLC negligently maintained or repaired this dock plate, causing it to malfunction and injure Plaintiff.
23. Defendant Delta Cargo Services, LLC had a duty to warn Plaintiff of the danger of using this dock and inspect and repair any issues with the dock plates operation.
24. Defendant Delta Cargo Services, LLC breached its duties to Plaintiff by failing to warn Plaintiff of the danger of using this dock plate and failing to properly maintain and repair the dock plate.

25. As a direct and proximate result of their breach of the above duties, Plaintiff was seriously injured as follows:

    m) Plaintiff suffered a hernia, shoulder injuries and back problems requiring the surgical repair of herniated discs.

    n) Pain and suffering

    o) Humiliation.

    p) Loss of enjoyment of social and recreational activities.

    q) Medical bills for past, present, and future medical treatment,

    r) Lost wages

WHEREFORE, Plaintiff asks this Honorable Court to grant judgment for Plaintiff and against Defendants in an amount in excess of $25,000, plus costs, interest, and attorney fees so wrongfully sustained.

## **COUNT 4 ORDINARY NEGLIGENCE AS TO DELTA CARGO SERVICES, LLC**

26. Plaintiff incorporated paragraphs one through twenty-five as if fully set forth herein.

27. Defendant Delta Cargo Services, LLC never instructed Plaintiff in the proper use of the dock plate, nor warned of the danger of serious injury the dock plate presented.

28. Defendant Delta Cargo Services, LLC did not require its employees to assist independent drivers, and Plaintiff in particular, in raising and lowering the dock plates, nor did it provide any instruction to independent drivers, particularly Plaintiff, in the proper use of the dock plate.

29. Defendant Delta Cargo Services, LLC owed a duty to properly instruct and/or assist Plaintiff in using the dock plate despite its knowledge of the substantial danger the use or misuse of using this dock plate presented.
30. Defendant Delta Cargo Services, LLC breached its duties by failing to instruct or assist Plaintiff in the use of the dock plate.
31. As a direct and proximate result of their breach of the above duties, Plaintiff was seriously injured as follows:
    s) Plaintiff suffered a hernia, shoulder injuries and back problems requiring the surgical repair of herniated discs.
    t) Pain and suffering
    u) Humiliation.
    v) Loss of enjoyment of social and recreational activities.
    w) Medical bills for past, present, and future medical treatment,
    x) Lost wages

WHEREFORE, Plaintiff asks this Honorable Court to grant judgment for Plaintiff and against Defendants in an amount in excess of $25,000, plus costs, interest, and attorney fees so wrongfully sustained.

LAW OFFICE OF PAUL S. CLARK, P.C.

By: /s/ Paul S. Clark
Paul S. Clark (P39164)
Attorney for Plaintiff
801 Livernois Street
Ferndale, MI 48220
Dated: August 4, 2020        (248) 543-7776

Case 4:20-cv-12380-SDD-RSW   ECF No. 1-2   filed 09/01/20   PageID.21   Page 9 of 9